Filed 11/30/22  Saint-Victor v. Ralphs Grocery Co. CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| OLIVIER SAINT-VICTOR, | B313716 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCP04026) |
| v. | |
| RALPHS GROCERY COMPANY, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Patricia Nieto, Judge.  Affirmed.

Olivier Saint-Victor, in pro. per., for Plaintiff and Appellant.

Stone ⏐ Dean, Gregory E. Stone, Suzanne R. Feffer and Kori N. Macksoud, for Defendant and Respondent.

————————————————

Plaintiff Olivier Saint-Victor sued Ralphs Grocery Company (Ralphs) for intentional infliction of emotional distress and harassment based on what he claimed were repeated incidents of racial harassment over the course of many years. The trial court granted summary judgment for Ralphs, finding that plaintiff had not established through admissible evidence that any actionable harassment occurred. We find no error, and thus we will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Background.

Plaintiff filed this action against Ralphs in September 2019. The operative complaint alleges that plaintiff is an African-American man who was regularly "insulted, harassed and physically threatened" while shopping at Ralphs grocery stores in Hollywood and West Hollywood. Specifically, "every time [plaintiff] goes to the grocery store," Ralphs employees say, "You're a n[****]r," "You're a poor n[****]r," "You're a dirty n[****]r," "You're a Creole n[****]r" [and] "We don't like Christ." The complaint alleges that these insults can be heard in "audio and video recordings of the Ralph's employees recorded by the Plaintiff himself," giving rise to claims for "violation of the California Civil Harassment Tort and the Intentional Emotional Distress Tort."

### II. Ralphs's motion for summary judgment; plaintiff's opposition.

Ralphs filed a motion for summary judgment in December 2020. Ralphs asserted that notwithstanding plaintiff's claims that the alleged harassment was documented in audio and video recordings, the recordings plaintiff provided during

2

discovery did not evidence racial slurs of any kind. Instead, Ralphs said, the recordings primarily showed plaintiff clandestinely recording employees and customers "who appear to be oblivious to Plaintiff and often do not even make eye contact with him let alone make disparaging remarks as alleged." Ralphs thus urged it was entitled to summary judgment because plaintiff had not offered any evidence to establish that the reprehensible events he alleged had occurred.

Plaintiff opposed the motion for summary judgment and filed a motion to compel production of employee personnel files. Plaintiff asserted that the recordings he had provided during discovery and attached as exhibits to his opposition evidenced the following incidents of harassment based on race and religion, among others:

- Ralphs employee George "step[ping] in front of Plaintiff physical [*sic*] harassing, intentionally inflicting distress on Plaintiff."

- A Ralphs employee saying "craplet."

- A Ralphs employee saying "poopoo Fuck n[****]r I see you work."

- Ralphs employee "George" pointing and saying "Way Up."

- A Ralphs employee "mak[ing] a harassing noise as Plaintiff purchases a grocery item individually."

- Ralphs employees "mentioning murders that will occur and have occurred."

- Multiple incidents of Ralphs employees "get[ting] in front of Plaintiff" or "get[ting] in Plaintiff's lane as Plaintiff is shopping for groceries . . . physically interfering with Plaintiff's movement."

3

● Ralphs employee "Eugenia" "throwing Plaintiff's groceries."

● Ralphs employees using racist epithets.

● Ralphs employees saying "f Christ."

● Ralphs employees "constantly mak[ing] slavery gestures."

● Ralphs employees calling people of color "poopoo shit n[***]let, poopoo n[****]r, crap n[****]r, crap skin, shit nig [and] shit n[***]let."

● An advertisement in a Ralphs store depicting "an African-American child surrounded by bugs."

Plaintiff asserted that these recordings "clearly depict Ralph's Grocery Company employees' [*sic*] intentionally harassing, distressing Plaintiff inside Ralph's." Plaintiff therefore urged the court to deny Ralphs's motion for summary judgment. Separately, he urged that Ralphs should be ordered to produce employee personnel files, which he believed would demonstrate patterns or customs of racist conduct.

Plaintiff submitted his own declaration in opposition to summary judgment. The declaration purported to authenticate audio and video recordings plaintiff said demonstrated Ralphs employees engaging in various civil rights violations, including "intentionally distressing Plaintiff," "clearly making threats and harassment," and "knowing Plaintiff's whereabouts inside the store." The declaration also purported to authenticate a photograph of an "African American child surrounded by bugs while in a diaper."

Ralphs filed various objections to plaintiff's declaration and the attached exhibits. Specifically, Ralphs objected to (1) plaintiff's audio and video recordings (exhibits A and B to

4

plaintiff's declaration) on the grounds that they were hearsay, lacked foundation, and were inadequately authenticated; (2) the image of the diapered child (exhibit C to plaintiff's declaration), on the grounds that it was hearsay, lacked foundation, and was misleading and argumentative; and (3) plaintiff's characterizations of the contents of the recordings and advertisement, on the grounds that they were hearsay, lacked foundation, were speculative, and violated the best evidence rule.

Ralphs also opposed plaintiff's motion to compel. Procedurally, it urged that the motion was premature because the parties had not participated in an informal discovery conference as required by the trial court's standing order. On the merits, it noted that plaintiff had sought production of the personnel files of 16 Ralphs employees, to include "application[s] for leave of absence, and vacation, notices of wage garnishments, education and training notices records, performance appraisals, reviews, attendance reports, warnings, discipline, and or termination notices, notices of layoffs." Ralphs asserted that the personnel files had no relevance to whether any of the employees engaged in the conduct alleged in the complaint, nor were the files likely to lead to the discovery of admissible evidence. Further, plaintiff had not, and could not, establish a legitimate need for the personnel files sufficient to outweigh the employees' privacy interests.

## III.  Trial court's order granting summary judgment.

After a hearing, the trial court issued an order concluding that Ralphs had met its initial summary judgment burden to show that plaintiff's claims lacked merit, shifting the burden to plaintiff to demonstrate triable issues of material fact. For the following reasons, it concluded that plaintiff failed to do so.

First, although plaintiff purported to plead a claim for civil harassment, the court found the legal basis for that claim was unclear. It thus limited its analysis to plaintiff's claim for intentional infliction of emotional distress.

Second, plaintiff's intentional infliction of emotional distress claim required him to establish that Ralphs engaged in "outrageous" conduct—that is, conduct that is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." In support of his claim, plaintiff proffered video and audio recordings and the photograph of an allegedly offensive advertisement. The court found that plaintiff failed to properly authenticate or lay a foundation for those recordings and photograph, and thus it sustained all of Ralphs's evidentiary objections. In any event, the court found that even were it to consider plaintiff's evidence, the recordings "do not even show any mildly offensive conduct, let alone the reprehensible conduct alleged." Instead, the recordings "simply show normal grocery store activity. Plaintiff occasionally talks or asks questions to apparent Ralphs employees, such as where certain items are, and [from] where products are sourced. The conversations are not out of ordinary of typical grocery store conversations and have no extreme or outrageous conduct. The videos do not depict anyone obstructing Plaintiff in any manner. Most of the people do not even turn to look at Plaintiff." As to the photograph, the court said it "depicts an advertisement without wording or any reference to any[thing] remotely racial or derogatory whatsoever." In short, the court said, no reasonable person could conclude that the conduct depicted in the recordings or the advertisement rose to the level "of mild annoyance, let alone outrageous conduct."

Finally, the court rejected plaintiff's claim that there was outstanding discovery that justified a continuance of the summary judgment hearing. The court explained: "Plaintiff sought from [Ralphs] the names and personnel files of the employee[s] who allegedly harassed Plaintiff. . . . Plaintiff does not explain how the names and personnel files of the employees would help his opposition. As discussed . . . , Defendant demonstrates that Plaintiff has no evidence of the [alleged] harassing conduct. Plaintiff has not explained how the employee files could ever tend to show that an employee engaged in harassing conduct against Plaintiff."

The court concluded: "If Plaintiff c[ould] direct the Court to a single instance of even annoying conduct [in] the record, the Court would be inclined to deny the motion. However, Plaintiff has not." It therefore granted Ralphs's motion.

The court entered judgment for Ralphs on April 17, 2022. Plaintiff timely appealed.

## DISCUSSION

### I.   Standard of review.

A motion for summary judgment is properly granted if "there is no triable issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) A moving defendant establishes that it is entitled to judgment as a matter of law by demonstrating that the action has no merit—that is, that one or more elements of a cause of action cannot be established or there is a complete defense to that cause of action. (*Ibid.*) Once the defendant has met that burden, the burden shifts to the plaintiff

7

to show that a triable issue of one or more material facts exists as to that cause of action.  (*Id.*, subd. (o)(2).)

We review a grant of summary judgment de novo, without deferring to the trial court's decision.  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860.)  Nonetheless, " '[p]erhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error.' [Citation.]  ' "We must indulge in every presumption to uphold a judgment, and it is defendant's burden on appeal to affirmatively demonstrate error—it will not be presumed." ' " (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549; see *People v. Chubbuck* (2019) 43 Cal.App.5th 1, 12.)  Thus, although we independently consider whether summary judgment was properly granted, " ' "it is the appellant's responsibility to affirmatively demonstrate error," ' and 'review is limited to issues adequately raised and supported in the appellant's brief.' (*Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 125–126.)" (*Vasquez v. Department of Pesticide Regulation* (2021) 68 Cal.App.5th 672, 685; see also *Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 708 [burden is on appellant to demonstrate error, even on de novo review].)

We review the trial court's rulings regarding the admissibility of evidence for an abuse of discretion.  (*People v. Mataele* (2022) 13 Cal.5th 372, 413–414.)  Under this standard, "[a] trial court's decision to admit or exclude evidence ' " 'will not be disturbed unless there is a showing that the trial court acted in an arbitrary, capricious, or absurd manner resulting in a miscarriage of justice.' " ' [Citations.]  'This standard of review affords considerable deference to the trial court provided that the

8

court acted in accordance with the governing rules of law.  We presume that the court properly applied the law and acted within its discretion unless the appellant affirmatively shows otherwise.' [Citation.]" (*Ibid*.)

II.    **Plaintiff has failed to demonstrate that the trial court erred in granting Ralphs's motion for summary judgment.**

A.    **Intentional infliction of emotional distress claim.**

The elements of a cause of action for intentional infliction of emotional distress are (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff has suffered severe or extreme emotional distress; and (3) the defendant's outrageous conduct was the actual and proximate cause of the emotional distress.  (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050 (*Hughes*); *Jackson v. Mayweather* (2017) 10 Cal.App.5th 1240, 1265 (*Jackson*).)  "A defendant's conduct is 'outrageous' when it is so ' " 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' " ' [Citation.] And the defendant's conduct must be ' " 'intended to inflict injury or engaged in with the realization that injury will result.' " ' " (*Hughes*, at pp. 1050–1051.)

"Liability for intentional infliction of emotional distress ' "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." [Citation.]' [Citations] . . . .  [¶]  With respect to the requirement that a plaintiff show severe emotional distress, [the Supreme Court] has set a high bar.  'Severe emotional distress means " 'emotional

9

distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it.' " ' " (*Hughes*, *supra*, 46 Cal.4th at p. 1051.)  It is for the court to determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery.  (*Jackson*, *supra*, 10 Cal.App.5th at p. 1265; *Chang v. Lederman* (2009) 172 Cal.App.4th 67, 87; *Fowler v. Varian Associates, Inc.* (1987) 196 Cal.App.3d 34, 44.)

Although the conduct plaintiff alleged in his complaint undoubtedly stated a claim for intentional infliction of emotional distress, plaintiff's *evidence*—namely the audio and video recordings and allegedly racist image—falls well short of what is required to survive summary judgment:

*Alleged racially offensive image.*  The photograph plaintiff submitted in opposition to the motion for summary judgment depicts a large sign suspended from the ceiling of a grocery store. The sign shows a cartoon image of a small child sitting in a highchair.  Surrounding the child is a cat and several bumblebees, and the words, "FRESH FOR MILK LOVERS—FRESH FOR EVERYONE."  Like the trial court, we conclude that as a matter of law, this advertisement is neither extreme nor outrageous.

*Audio and video recordings*:  As a preliminary matter, we find the trial court did not err by sustaining Ralphs's objections to plaintiff's audio and video recording on the grounds that they were not properly authenticated.  "To be admissible in evidence, an audio or video recording must be authenticated.  (Evid. Code, § 250 [defining 'Writing' to include recording], 1401 [requiring authentication of 'writings']; *People v. Rich* (1988) 45 Cal.3d 1036,

10

1086, fn. 12; *People v. Patton* (1976) 63 Cal.App.3d 211, 220.)"
(*People v. Mayfield* (1997) 14 Cal.4th 668, 747, abrogated on other
grounds in *People v. Scott* (2015) 61 Cal.4th 363, 390, fn. 2.)
"To establish authenticity, the party introducing the writing
must introduce 'evidence sufficient to sustain a finding that it is
the writing that the proponent of the evidence claims it is' or
establish 'such facts by any other means provided by law.'
(Evid. Code, § 1400.)" (*J&A Mash & Barrel, LLC v. Superior
Court of Fresno County* (2022) 74 Cal.App.5th 1, 19.) In other
words, the offering party must introduce evidence "sufficient to
find that the writing is as claimed." (*Ibid.*)

Here, plaintiff stated in his declaration that exhibits A and
B were "original video and audio recordings of Ralph's civil rights
violations including 100 plus videos and recording on 5 DVD-R
discs." However, he did *not* state under penalty of perjury where
or when the videos were taken, by whom they were taken, or that
they had not been altered. The trial court therefore did not abuse
its discretion by concluding that the recordings had not been
properly authenticated. (See, e.g., *People v. Melendez* (2016)
2 Cal.5th 1, 22–23 [trial court did not err by excluding piece of
paper containing song lyrics where no evidence was presented
regarding who had written them]; *Jones v. City of Los Angeles*
(1993) 20 Cal.App.4th 436, 440, fn. 5 [foundation for video
evidence must be laid " 'by someone having personal knowledge of
the filmed object, that the film is an accurate portrayal of what it
purports to show' "].)

Further, even had the recordings been properly
authenticated, they would not create triable issues of material
fact as to plaintiff's intentional infliction of emotional distress
claim. According to the trial court, the recordings plaintiff

11

proffered "simply show normal grocery store activity":  Plaintiff "occasionally talks or asks questions to apparent Ralphs employees, such as where certain items are, and [from] where products are sourced," and no one obstructs plaintiff in any manner.  Unquestionably, the conduct described by the trial court does not constitute extreme and outrageous conduct as a matter of law.

Plaintiff urges that the trial court erred in granting summary judgment because his audio and video recordings evidenced Ralphs's employees "making harassing comments" and "physically interfering with Plaintiff's movement."  Thus, plaintiff says, the trial court's characterization of the recording is "contrary to the truth."  We cannot review plaintiff's contentions regarding the contents of the recordings, however, because they are not part of the appellate record.  Although plaintiff designated five CDs containing the recordings for inclusion in the clerk's transcript, the superior court advised plaintiff on March 25, 2022 and July 6, 2022 that it did not have the CDs and thus could not include them in the appellate record.  The superior court further advised plaintiff:  "If you are in possession of the requested exhibits you may lodge them with the [Court of Appeal]." ~(ACCMS)~ Plaintiff has never lodged the CDs with this court, and thus we cannot review them.

A judgment or order is presumed correct and error must be affirmatively shown, which means the appellant has a duty to provide an adequate record to the reviewing court to establish error.  (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc*. (2012) 203 Cal.App.4th 336, 348.)  If something important is missing from the record, the appellant must augment or correct it.  (See Cal. Rules of Court, rule 8.155.)  When the record is inadequate

12

to permit appellate review, the reviewing court must resolve the issue against the appellant. (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) We therefore must presume that the trial court correctly described the contents of the recordings.

For all the foregoing reasons, the trial court properly concluded that plaintiff failed to establish triable issues of material fact as to his cause of action for intentional infliction of emotional distress. It therefore did not err by granting summary adjudication of that claim.

## B. Civil harassment claim.

In addition to the claim for intentional infliction of emotional distress, plaintiff also asserted a claim for civil harassment. Although the statutory basis for his claim is not entirely clear from the complaint, we presume that plaintiff intended to state a claim for a violation of the Unruh Civil Rights Act, Civil Code section 51, which prohibits intentional discrimination in access to public accommodations. (Civ. Code, § 51, subd. (b) [all persons entitled to "the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."]; *Smith v. BP Lubricants USA Inc.* (2021) 64 Cal.App.5th 138, 149–154 [racial harassment is actionable under the Unruh Civil Rights Act].)

Plaintiff's harassment claim is based on the same alleged facts as his intentional infliction of emotional distress claim. As discussed above, plaintiff failed to introduce any evidence creating a triable issue of material fact that he was harassed by Ralphs employees on account of race or religion. Accordingly, the

13

trial court properly granted summary adjudication of plaintiff's harassment claim.

## III. The trial court did not abuse its discretion by denying plaintiff's request to order Ralphs to produce employee personnel files.

Plaintiff asserts the trial court erred in denying his request for an order compelling Ralphs to produce employee personnel files. According to plaintiff, these files were relevant because they would have provided character evidence that would have tended to support his claims that Ralphs employees racially harassed him.

We review the trial court's grant or denial of a motion to compel discovery for an abuse of discretion. (*Williams v. Superior Court* (2017) 3 Cal.5th 531, 540.) "The statutory scheme vests trial courts with ' "wide discretion" ' to allow or prohibit discovery. [Citation.] A circumspect approach to appellate review of discovery orders ensures an appropriate degree of trial court latitude in the exercise of that discretion." (*Ibid.*)

Plaintiff has not demonstrated that the trial court abused its discretion by denying his motion to compel production of Ralphs employees' personnel files. Pursuant to Code of Civil Procedure section 2017.010, unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding nonprivileged matters that are relevant to the subject matter of the pending action and either admissible or reasonably calculated to lead to the discovery of admissible evidence. Employees have protected privacy rights in the contents of their personnel files (e.g., *Riverside County Sheriff's Dept. v. Stiglitz* (2014) 60 Cal.4th 624, 643), and thus when a party seeks to compel disclosure of third-party personnel records,

14

the privacy rights of the third parties must be protected by balancing them against the party's right to relevant discovery (*Sehlmeyer v. Department of General Services* (1993) 17 Cal.App.4th 1072, 1078).

Here, as we have discussed, plaintiff provided no evidence that any Ralphs employee harassed plaintiff on the basis of race or religion. Accordingly, evidence that these same employees racially harassed *other* Ralphs customers, even were it to exist, would be wholly irrelevant to this action. The trial court therefore did not abuse its discretion by denying plaintiff's motion to compel.

## DISPOSITION

The judgment is affirmed. Ralphs is awarded its appellate costs.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

EDMON, P. J.

We concur:

EGERTON, J.          RICHARDSON (ANNE K.), J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.